## No. 11,073.

### DIEBOLD v. DIEBOLD.

Decided November 10, 1924.

On motion to dismiss writ of error.

### *Motion Denied.*

1. DIVORCE AND ALIMONY—*Writ of Error.* Under section 5605, C. L. '21, a writ of error to reveiw a decree in a divorce case will not be dismissed where the application therefor was made within 60 days from the date of the decree, although the writ did not issue within that time.

2. APPELLATE PRACTICE—*Writ of Error.* The filing of a transcript and assignment of errors, is a sufficient application for a writ of error.

3. *Writ of Error—Imperfect Record.* Where plaintiff in error tendered for filing a transcript and assignment of errors within the time fixed by statute, but finding the record imperfect took it away for correction and did not file the corrected record until after his time had expired, it is held that the tender of the imperfect record within time was sufficient to entitle him to a review.

*Error to the District Court of Gunnison County, Hon. Thomas J. Black Judge.*

Mr. FRANK L. HAYS, Mr. J. W. KELLEY, for plaintiff in error.

Messrs. STONE & KOCHEVAR, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

ERVILLE S. DIEBOLD had a decree of divorce from William A. Diebold and he brings error. The defendant in error moves to dismiss on the ground that the writ did not issue within sixty days after the judgment. Final judgment was rendered June 17th, 1924, and the writ issued August 24th, 1924. C. L. § 5605 reads: "No writ of error shall be taken or allowed or prosecuted from the supreme court to review a judgment or decree of any court in an action for divorce, except at the time and in the manner hereinafter set forth  *  *  *. A writ of error may issue from the supreme court on proper application therefor within sixty days from the date of said decree but not thereafter,  *  *  *."

The limitation of sixty days does not relate to the issue of the writ but to the application for it. To construe otherwise would be to ignore the words "on application therefor," which would then add nothing to the meaning of the sentence. It follows that the issue of the writ after sixty days is not ground for dismissal.

But defendant in error says that the writ was not applied for within the sixty days. The facts are these: August 16, 1924, plaintiff in error tendered a bill of exceptions as the record, and was advised by the clerk that it was imperfect. He thereupon took it away, perfected it and filed it on the 21st, three days after the expiration of the limitation. The question is whether the tender of the imperfect record constitutes an application for the writ, under the statute, so as to stop the running of the limitation.

It is not customary in this court to file a formal application for a writ of error, the filing of the transcript and assignment of errors is usually the only move of the plaintiff in error for the writ and is so regarded, and we must

say it would be sufficient.  The filing of an imperfect record would then be an application because imperfect records may be and often are corrected and stand as of the original filing.  Such corrections in other proceedings are regarded as a proper method of escape from statutes of limitation.  The tender of the record for filing we regard as equivalent to filing even though it was then taken away for the purpose of perfection.  It was not taken away with any intent to forego the filing.  If the clerk had put on his file mark there could be no question about this, and we do not regard the omission of that as enough to destroy the right of review in this court.

The motion to dismiss is denied.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.